T.C. Memo. 1997-224


UNITED STATES TAX COURT



JESSIE J. CHAMBERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17806-96.                    Filed May 12, 1997.



Jessie J. Chambers, pro se.

<u>Jordan S. Musen</u> and <u>William A. Blagg</u>, for respondent.



MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Chief Special

Trial Judge Peter J. Panuthos pursuant to the provisions of

section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

_____

[1] All section references are to the Internal Revenue Code
in effect for the years in issue, unless otherwise indicated.
                                        (continued...)

agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, <u>Chief Special Trial Judge</u>: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed December 9, 1996, and supplemented on April 14, 1997.  Although respondent contends that this case must be dismissed on the ground that petitioner failed to file his petition within the time prescribed in section 6213(a), petitioner argues that respondent failed to mail the notice of deficiency to his last known address.  Although it is evident that we lack jurisdiction over the petition filed herein, we must decide the proper ground for dismissal.

<u>Background</u>

On February 16, 1993, respondent mailed a notice of deficiency to petitioner determining a deficiency of $7,166 in his Federal income tax for 1990, and additions to tax in the amounts of $1,619.25 and $421.06 pursuant to sections 6651(a) and 6654, respectively.[2]  The notice of deficiency was mailed to

---

[1](...continued)
All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  There is a discrepancy in the record concerning the exact mailing date of the notice of deficiency for 1990.  Although the notice of deficiency is dated Feb. 16, 1993, respondent submitted a U.S. Postal Service Form 3877 which indicates that the notice of deficiency was mailed on Feb. 11, 1993.  Considering all of
(continued...)

petitioner at 165 N. Fayette Dr., Fayetteville, Georgia 30214 (the Fayetteville address).  The Fayetteville address is the address listed on petitioner's 1987 tax return which is the last return that petitioner filed prior to the mailing of the notice of deficiency for 1990.

The notice of deficiency for 1990 was returned to respondent undelivered, marked "Unclaimed", and listing a forwarding address for petitioner of 2370 Ambassador Drive, Lithia Springs, Georgia 30057 (the Lithia Springs address)

On June 22, 1993, respondent mailed a notice of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for 1988 and 1989.  Respondent mailed the notice of deficiency to petitioner at the Fayetteville address. On September 14, 1993, petitioner filed a timely petition for redetermination with the Court (assigned docket No. 20017-93) respecting the notice of deficiency for 1988 and 1989, listing his address as the Lithia Springs address.

In January 1995, petitioner met with Revenue Officer Sharon Pittman to discuss a levy that had been placed against his bank account for taxes allegedly due for 1990.  Petitioner advised Revenue Officer Pittman that he was residing at the Lithia

---

[2](...continued)
the facts and circumstances, we conclude that the notice of deficiency for 1990 was mailed on Feb. 16, 1993.

Springs address and that his mailing address was P.O. Box 220, Austell, Georgia 30001 (the Austell address).

On August 17, 1995, petitioner filed his 1994 tax return listing the Lithia Springs address as his current address.

On September 15, 1995, respondent mailed a notice of deficiency to petitioner determining deficiencies in, additions to, and accuracy-related penalties with respect to his Federal income taxes for 1991, 1992, and 1993 as follows:

| Year | Deficiency | Additions to Tax | | Accuracy-Related Penalty |
|------|-----------|------------------|-----------|--------------------------|
| | | Sec. 6651(a) | Sec. 6654 | Sec. 6662 |
| 1991 | $ 6,966 | $1,082 | $232 | --- |
| 1992 | 8,783 | --- | --- | $1,757 |
| 1993 | 10,950 | 2,738 | 459 | --- |

Duplicate originals of the notice of deficiency were mailed to petitioner at the Lithia Springs address and the Austell address.

On August 14, 1996, petitioner filed an imperfect petition for redetermination with the Court contesting respondent's determinations for the taxable years 1990, 1991, 1992, and 1993. The petition was delivered to the Court in a U.S. Postal Service Express Mail envelope bearing a U.S. Postal Service postmark date of August 13, 1996.[3] Petitioner subsequently filed a proper amended petition.

As indicated, respondent filed a Motion to Dismiss For Lack of Jurisdiction alleging that petitioner failed to file his

---

[3] At the time that the petition was filed, petitioner resided at the Fayetteville, Georgia, address.

petition within the 90-day period prescribed in section 6213(a). Petitioner filed an objection to respondent's motion to dismiss alleging that the deficiency notices were not mailed to his correct address. Respondent filed a response to petitioners' objection countering that the deficiency notices were mailed to petitioner's last known addresses.

A hearing was conducted at the Court's motions session in Washington, D.C., on April 16, 1997. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion. Although petitioner did not appear at the hearing, he did file a written statement with the Court pursuant to Rule 50(c). Petitioner's Rule 50(c) statement includes allegations that, because petitioner and his wife separated and reconciled a number of times during the period 1993 through 1995, petitioner did not receive the notices of deficiency in question. In particular, petitioner asserts that the notice of deficiency for 1990 was mailed to his wife's address after one of their separations, while the notice of deficiency for 1991, 1992, and 1993 was mailed to petitioner's former address after he had reconciled with his wife and moved back to the Fayetteville address. Although petitioner does not specify the date of the purported communication, petitioner asserts that he left a message for Revenue Officer Pittman in 1995 advising her that he had moved back to the Fayetteville address. Respondent states that she has no record of any such communication.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

Respondent mailed the notice of deficiency for 1990 on February 16, 1993, and the notice of deficiency for 1991, 1992, and 1993 on September 15, 1995. The petition in this case was postmarked August 13, 1996, and was received and filed by the Court on August 14, 1996. Given that the petition was neither mailed nor filed prior to the expiration of the 90-day statutory

period for filing a timely petition with respect to either of the notices of deficiency, it follows that we lack jurisdiction over the petition. Secs. 6213(a) and 7502; Rule 13(a), (c); see Normac, Inc. v. Commissioner, supra.

The question presented is whether dismissal of this case should be premised on petitioner's failure to file a timely petition under section 6213(a) or on respondent's failure to issue valid notices of deficiency under section 6212. Petitioner contends that respondent failed to mail the notices of deficiency to his last known address. We disagree.

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681. The burden of proving that a notice of deficiency was not sent to the taxpayer at his or her last known address is on the taxpayer. Yusko v. Commissioner, supra at 808.

There does not appear to be any dispute that the notice of deficiency for 1990 was mailed to petitioner's correct address but for his separation from his wife at the time the notice was issued. In the absence of any evidence that petitioner notified respondent that he was living at an address other than the Fayetteville address at that time, we conclude that respondent

mailed the notice of deficiency for 1990 to petitioner's last known address and that such notice is valid under section 6212.

We are also satisfied that the notice of deficiency for 1991, 1992, and 1993 was mailed to petitioner's last known address. The record indicates that in January 1995, petitioner advised Revenue Officer Pittman that he was residing at the Lithia Springs address and that his mailing address was the Austell address. In addition, on August 17, 1995, petitioner filed his 1994 tax return listing the Lithia Springs address as his current address. We are unable to find that petitioner provided respondent with clear and concise notice that he had moved back to the Fayetteville address prior to the mailing of the notice of deficiency on September 15, 1995. Under the circumstances, we conclude that the notice of deficiency for 1991, 1992, and 1993 was mailed to petitioner at his last known address. Consequently, we shall grant respondent's motion to dismiss for lack of jurisdiction.[4]

To reflect the foregoing,

<u>An order will be entered</u>

<u>granting respondent's Motion to</u>

<u>Dismiss for Lack of Jurisdiction</u>.

---

[4] Although petitioner cannot pursue his case in this Court, he is not without a remedy. Petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).